# THE

# NEW YORK SUPPLEMENT

## VOLUME 151

---

### MURRAY v. J. F. HAYES, Inc.

(Supreme Court, Appellate Term, First Department. January 7, 1915.)

1. WAREHOUSEMEN (§ 34*)—PRESUMPTION—NEGLIGENCE.
   Proof that a trunk delivered to a warehouseman for storage was damaged by water makes out a prima facie case of negligence.
   [Ed. Note.—For other cases, see Warehousemen, Cent. Dig. §§ 71–85; Dec. Dig. § 34.*]

2. WAREHOUSEMEN (§ 34*)—ACTIONS—BURDEN OF PROOF.
   Plaintiff, who asserted that a warehouseman was guilty of negligence in caring for her trunk, has the burden of proof upon the whole case to establish negligence.
   [Ed. Note.—For other cases, see Warehousemen, Cent. Dig. §§ 71–85; Dec. Dig. § 34.*]

3. WAREHOUSEMEN (§ 24*)—NEGLIGENCE—WHAT CONSTITUTES.
   A warehouseman, who stored trunks below the level of the street, is not bound to anticipate that, the city having torn up the street and placed obstructions therein, waters from an unprecedented rain would be cast into his basement, when the sewers were unable to carry them off.
   [Ed. Note.—For other cases, see Warehousemen, Cent. Dig. §§ 11, 48, 49, 51–54; Dec. Dig. § 24.*]

4. WAREHOUSEMEN (§ 24*)—DUTY OF DUE CARE.
   Where, as soon as it became apparent that the waters from an unprecedented rain would be cast into the basement, where the defendant warehouseman had stored trunks, the removal of the trunks was commenced, the warehouseman was not guilty of negligence because he did not have a large force on hand, so as to remove the trunks promptly.
   [Ed. Note.—For other cases, see Warehousemen, Cent. Dig. §§ 11, 48, 49, 51–54; Dec. Dig. § 24.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Leoni Murray against J. F. Hayes, Incorporated. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued November term, 1914, before LEHMAN, DELANY, and WHITAKER, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Bernstein & Lewis, of New York City (Max Bernstein, of New York City, of counsel), for appellant.

Ignace Irving Apfel, of New York City, for respondent.

LEHMAN, J. [1, 2] The plaintiff has recovered damages for injuries to her trunk and its contents while in defendant's storage warehouse. The plaintiff showed only that the property was damaged by water; but this proof was, I think, clearly sufficient to make out a prima facie case of negligence, and required of the defendant some explanation. But, when such explanation was offered, it then remained a question upon the entire case whether or not the bailee has been negligent, and the burden of proof was always on the plaintiff to establish that proposition.

[3, 4] In this case it is undisputed that the trunk was damaged during a rainstorm of unprecedented severity, that at the time the street in front of the defendant's premises was torn up by the city and obstructed with sand and Belgian blocks, that the sewers proved insufficient to carry off the rainfall, and that, owing to the condition of the street and the boiling up of water from the sewers, the water was caused to flow in a solid stream across the sidewalk and into the defendant's premises. It is, of course, not disputed that the defendant is not responsible for the state of the street, the state of the sewer, or the extraordinary rainfall; but it is claimed that the defendant might reasonably have foreseen that such a chain of circumstances might arise, and should have exercised reasonable care to guard against the result of such circumstances. It seems to me, however, that no man can possibly be held negligent for failure to foresee rainfall of such severity that the water could not be carried off through the usual channels, but would flow across the street into the basement. In effect the result of such a view would be that it constitutes negligence per se to store any property below the level of the street.

Since no negligence can be inferred from the mere fact that the trunk was stored in a place where water could reach it under such circumstances, the only other question is whether the defendant took reasonable care to protect the property after it became evident that the rainfall could not be carried away in the usual channels. It appears that about 1 o'clock in the afternoon the circumstances might fairly be considered as sufficient to have given notice to a reasonable man that there was danger to the trunks stored in defendant's basement, and the evidence further shows that defendant failed to remove the plaintiff's trunk till some hours thereafter. The defendant, however, shows that he started to move the trunks at 1 o'clock, and that the reason why plaintiff's trunk was not moved sooner was because there were about 1,000 trunks stored in the basement, which had to be moved out. I think that, if the defendant proceeded to move the trunks out promptly, he cannot be held liable for negligence because he failed to provide in advance means by which they could be moved more quickly.

It follows that the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.